Opinion filed May 3, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 3, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00203-CR 

                                                     __________

 

                                     KENNETH KYLE KEY, Appellant

 

                                                             V.

 

                                             STATE
OF TEXAS,
Appellee

 



 

On Appeal from the 358th District Court 

Ector County, Texas

Trial Court Cause No. D-26,132

 



 

  O P I N I O N

Kenneth Kyle Key appeals from a jury conviction
for murder.  The jury assessed punishment
at ninety-nine years confinement in the Texas Department of Criminal Justice,
Institutional Division, and a fine of $10,000. 
We affirm. 

Background Facts








Appellant was indicted for intentionally and
knowingly causing the death of Edwardo Salazar 
by shooting him with a deadly weapon. 
He pleaded not guilty and proceeded to a jury trial.  In presenting its case, the State relied
heavily on the identification testimony from eyewitness Damon Marichalar and the
testimony of James Perez.  Marichalar
testified that he was working as an ice cream vendor with the victim when
appellant attempted to rob them.  He
testified that, when the victim told appellant that they did not have any
money, appellant shot the victim in the stomach.  Marichalar further testified that he
identified appellant as the perpetrator in a live lineup.  He again identified appellant as the
perpetrator at trial.  Perez testified
that he was with appellant and two other people on the night of the
shooting.  He testified that he did not
see appellant shoot the victim but that he heard the shot.  He further testified that appellant admitted
to shooting the victim.

 Appellant=s
defense consisted of attacking the integrity of the police investigation and
attacking the credibility and veracity of the State=s
witnesses.  On cross-examination, the
police officers who conducted the investigation testified that they failed to
block off the alley where the perpetrator fled in his car.  Therefore, they were unable to obtain tire
tracks that could have been compared to the tires on appellant=s vehicle.  The police further testified, on
cross-examination, that they failed to fingerprint the shotgun shell found at
the scene, admitting it was likely to have the fingerprints of the perpetrator.

Appellant=s
trial counsel attacked the State=s
witnesses=
credibility and the veracity of their 
testimony.  During
cross-examination of Marichalar and police, trial counsel developed the
testimony that Marichalar had identified a different perpetrator in a previous
live lineup and in a photo lineup. 
Counsel impeached Perez on cross-examination using the disparities
between the two statements he gave to police and his trial testimony.

Trial counsel argued that there
were several suspects during the course of the investigation but that the
police failed to fully eliminate each one as the possible perpetrator.  Appellant presented two witnesses to show
that another suspect fit the profile and could have been the perpetrator in
this case.  Despite trial counsel=s efforts, the jury found appellant
guilty and assessed punishment at ninety-nine years confinement and a fine of
$10,000.

Issue Presented

            Appellant contends that his trial
counsel=s
performance was so deficient that he was denied effective assistance of counsel
to which he is entitled under the Federal and State Constitutions. 

Standard of Review








To prevail on a claim of
ineffective assistance of counsel, an appellant must establish that his lawyer=s performance fell below an objective
standard of reasonableness and that there is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland v. Washington, 466 U.S. 668,
693-94 (1984); see Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim.
App. 2001).  A reasonable probability is
a probability sufficient to undermine confidence in the outcome.  Hernandez v. State, 726 S.W.2d 53, 55
(Tex. Crim. App. 1986).  The purpose of
this two-pronged test is to judge whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808,
812-13 (Tex. Crim. App. 1999) (citing McFarland v. State, 845 S.W.2d
824, 843 (Tex. Crim. App. 1992).

The review of defense counsel=s representation is highly deferential
and presumes that counsel=s
actions fell within a wide range of reasonable professional assistance.  Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000).  Appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson
v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994); Hayden v. State,
155 S.W.3d 640, 648 (Tex. App.CEastland
2005, pet. ref=d).  When the record is silent on the motivations
underlying counsel=s
tactical decisions, an appellant usually cannot overcome the strong presumption
that counsel=s conduct
was reasonable.  Thompson, 9
S.W.3d at 813.  In order to defeat Strickland=s presumption of reasonable
professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@ 
Id.
at 814 (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)).  In the majority of cases, the
record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel=s
actions.  Id.

                                                                      Discussion








Appellant contends that his trial
counsel was ineffective in failing to object to hearsay evidence and in failing
to object to evidence of appellant=s
extraneous offenses.  Appellant also
contends that trial counsel was ineffective in failing to file a motion to
suppress the identification testimony and in failing to request a jury
instruction relating to the unreliability of eyewitness testimony.  Appellant further contends that trial counsel
was ineffective in failing to request a jury instruction on the requirement of
corroboration for accomplice testimony and in failing to request an instruction
on the lesser included offense of manslaughter or negligent homicide.  Finally, appellant contends that trial
counsel was ineffective at the punishment stage of the trial by opening the
door to the fact that appellant was involved in a street gang. 

Appellant=s
contentions are not supported by the record. 
The record demonstrates that trial counsel presented a solid
defense.  There is nothing in the record
to support appellant=s
argument that his counsel=s
actions were not based on sound trial strategy. 
Judicial review must be highly deferential to trial counsel, and we must
avoid the harmful effect of hindsight.  Thompson,
9 S.W.3d at 813 (citing Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984)).  Appellant has failed to
rebut the presumption that trial counsel=s
actions were reasonable.  Therefore,
appellant has not shown that he received ineffective assistance of
counsel.  We overrule appellant=s issue on appeal. 

Conclusion

We affirm the trial court=s judgment.

 

RICK STRANGE

JUSTICE

 

May 3, 2007

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: 
Wright, C.J.,

McCall, J., and Strange, J.