Opinion filed June 28, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed June 28, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00239-CR 

                                                     __________

 

                                  MITZI
DENISE HODGE, Appellant 

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 39th District Court 

 

                                                         Haskell County, Texas


 

                                                     Trial
Court Cause No. 6010

 



 

                                                                   O
P I N I O N

A jury convicted Mitzi Denise Hodge of possessing
cocaine, in the amount of more than four grams but less than two hundred grams,
with the intent to deliver.  The jury
assessed punishment at fifteen years confinement in the Texas Department of
Criminal Justice, Institutional Division, and a $5,000 fine.  We affirm.     

Background Facts








Relying on a tip from a confidential informant,
officers obtained a search warrant to search appellant’s residence.  When the officers conducted the search of the
residence, appellant was present along with her boyfriend, Jimmy Lee
Daniel.  During the search, officers
found 24.45 grams of cocaine and 5.43 ounces of marihuana along with other
drug-related items.  Appellant was
indicted for possession of cocaine with the intent to deliver.  She pleaded not guilty and proceeded to a
jury trial.

Issues on Appeal 

In four issues, appellant contends that the
evidence was legally and factually insufficient to establish possession and
that the evidence was legally and factually insufficient to establish intent to
deliver.  In appellant=s fifth issue, she contends that she
received ineffective assistance of counsel. 

Standard of Review 

In order to determine if the evidence is legally
sufficient, we review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); Jackson v. State,
17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).

In order to determine if the evidence is factually
sufficient, we review all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d
477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, we must decide whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; 
Johnson, 23 S.W.3d at 10-11. 
The fact-finder is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The
fact-finder may choose to believe or disbelieve all or any part of a witness’s
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).

Possession 








Appellant contends that the evidence is legally
and factually insufficient to show that she was in possession of cocaine.  In order to prevail in a possession of
controlled substance case, the State must prove either directly or
circumstantially that the accused exercised actual care, custody, control, or
management over the contraband and that the accused knew the matter possessed
was contraband.  Tex. Health & Safety Code Ann. '
481.002(38) (Vernon Supp. 2006); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005).  The evidence must
affirmatively link the accused to the offense so that one may reasonably infer
that the accused knew of the contraband’s existence and exercised control over
it.  Linton v. State, 15 S.W.3d
615, 619 (Tex. App.CHouston
[14th Dist.] 2000, pet. Ref’d).  Mere
presence at the location where drugs are found is insufficient by itself to
establish actual care, custody, or control of the drugs.  Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App.
2006).  However, presence or proximity
when combined with other evidence may  be
sufficient to establish possession.  Id.             Factors
that may affirmatively link an accused to contraband include the
following:  (1) whether the accused was
present when the search was conducted; (2) whether the contraband was in plain
view; (3) whether the accused was in close proximity to and had access to the
contraband; (4) whether the accused was under the influence of narcotics when
arrested; (5) whether the accused possessed other contraband or narcotics when
arrested; (6) whether the accused made incriminating statements when arrested;
(7) whether the accused attempted to flee; (8) whether the accused made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia was present; (11) whether the accused owned or
had the right to possess the place where the drugs were found; (12) whether the
place where the drugs were found was enclosed; (13) whether the accused was
found with a large amount of cash; and (14) whether the conduct of the accused
indicated a consciousness of guilt.  Evans, 202 S.W.3d at 162 n.12; Swarb v.
State, 125 S.W.3d 672, 684 (Tex. App.CHouston
[1st Dist.] 2003, pet. dism=d);
Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  No set formula exists to dictate a finding of
affirmative links sufficient to support an inference of knowing possession of
contraband. Taylor v. State, 106
S.W.3d 827, 831 (Tex.
App.CDallas
2003, no pet.).  The number of factors
present is not as important as the logical force or the degree to which the
factors, alone or in combination, tend to affirmatively link the defendant to
the contraband.  Bates v. State,
155 S.W.3d 212, 216-17 (Tex. App.CDallas
2004, no pet.); Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d); Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.CAustin
1991, pet. ref=d).








In this case, the evidence established that
appellant exercised care, custody, and control over the cocaine.  Officer Winston Stephens testified that he
was present when the search warrant was executed on appellant=s residence.   He stated that he began his search by asking
appellant where the drugs were. 
Appellant pointed out marihuana in her bedroom in a dresser drawer.  Officer Stephens testified that next in his
search he found an overnight bag in the hall closet containing marihuana and
electronic scales.

Officer Donald Matthew Cunningham testified that
he participated in the search of appellant’s residence.  He testified that he searched the bathroom
that was close to the master bedroom.  In
the bathroom, he observed feminine bath products and knickknacks.  He further testified that he discovered a
bath sponge with a slit in the top. 
Inside the slit was what he believed to be crack cocaine.  Officer Cunningham testified that there was
no indication that a man had used the bathroom or used the bath sponge.

Officer Gary Lee Rowland testified that he
participated in the search of appellant’s residence. He testified that he
discovered marihuana and several “rock-like substances”  buried in the soil of a fish aquarium that
had been converted into a plant holder for a large ivy.  He further testified that these rock-like substances
appeared to be crack cocaine.  Officer
Rowland testified that in the master bedroom he found a large sum of money,
$760, rolled up in a sock.  Appellant
told Officer David Halliburton that it was her money.

Chief of Police Thomas Paul Bassett Jr. testified
that a confidential informant informed him that appellant was in possession of
crack cocaine.  He testified that in the
past he had found this informant reliable almost one hundred percent of the
time.  Chief Bassett further testified
that the informant had been inside appellant’s house within twenty-four hours
before the search was conducted.  The
confidential informant did not mention any other persons  in connection with the drugs.  Chief Bassett=s  investigation revealed that Donnell Hodge,
appellant’s son, did not live at the residence; he lived and worked in Abilene.  Chief Bassett also testified that Jimmy Lee
Daniel, who was present at the residence at the time of the search, did not
live at the residence and had just recently arrived.  Appellant and her son Jakaan Hodge were the
only actual residents of the house. 








Donnell testified that he was visiting appellant
the weekend the house was searched but that he was not present when the warrant
was executed.  He testified that the gray
bag found in the hall closet was his.  He
admitted that the marihuana in the bag was his, that the scales were his, and
that he used the scales to measure the amount of marihuana he bought.  He further testified that the marihuana found
in the bedroom dresser drawer was his. 
Donnell denied any knowledge or ownership of any of the cocaine.

The State established several affirmative links
connecting appellant to the cocaine. 
Appellant was an occupant of the residence and had easy access to the
drugs.  Officers found cocaine in the
bathroom that was clearly occupied and used by appellant.  Officers found a significant amount of
cocaine in a plant holder that contained a well-cared-for plant.  This would not be a logical or accessible
place for a visitor to hide drugs, however, it would be easily accessible to
the resident who was caring for the plant. 
Further, appellant told officers where some of the drugs could be found
and admitted that the large amount of cash was hers.   Applying the applicable standards or review,
the evidence is legally and factually sufficient to support the jury’s finding
that appellant possessed cocaine.  We
overrule appellant’s first and second issues on appeal. 

Intent to Deliver 

Appellant contends that the evidence is legally
and factually insufficient to show that she possessed cocaine with the intent
to deliver.  The intent to deliver a
controlled substance may be proven by circumstantial evidence.  Ingram v. State, 124 S.W.3d 672, 675-76 (Tex. App.CEastland 2003, no pet.). Inferences
regarding the intent to deliver can be made from the conduct of the defendant
as well as the amount of the controlled substance possessed and the manner in
which it was possessed.  Id.; Rhodes v.
State, 913 S.W.2d 242, 251 (Tex. App.CFort
Worth 1995), aff’d,  945 S.W.2d
115 (Tex. Crim. App. 1997).  Several
factors are considered in determining intent including:  (1) the nature of the location where the
defendant was arrested; (2) the quantity of drugs the defendant possessed;  (3) the manner of packaging of the
drugs;  (4) the presence or absence of
drug paraphernalia (for use or sale); (5) whether the defendant possessed a
large amount of cash in addition to the drugs; and (6) the defendant’s status
as a drug user.  Jordan v. State, 139 S.W.3d 723,
726 (Tex.
App.CFort
Worth 2004, no pet.). 








The evidence was sufficient to establish that
appellant possessed the cocaine with the intent to deliver.  Officer Rowland found a large amount of cash
rolled up in a sock in the master bedroom. 
Appellant admitted the money was hers. 
Officer Stephens testified that in his experience digital scales, like
the scales he found in appellant’s residence, are used to weigh and measure out
drugs. Officer Halliburton testified that the sandwich bags discovered in
appellant’s residence are used to package illegal narcotics.  Even though Donnell testified that the
digital scales were his, the jury was free to believe or disbelieve his
testimony.

The evidence showed that appellant possessed an
amount of drugs that would indicate she was selling drugs rather than using
them for personal use.  Officers found
over twenty-four grams of cocaine in appellant’s residence.  Officer Stephens testified that crack cocaine
is mostly sold in  “rocks.”  Usually one gram of crack cocaine will make
about five “twenty dollar rocks.” 
Officer Cunningham testified that an average user of crack cocaine would
carry about three of four rocks for daily use and up to ten to twelve rocks for
a big weekend.  Officer Rowland testified
that the crack cocaine he found in the fish aquarium were large rocks called “cookies.”  He stated, “A cookie is a big piece of
finished product that they will actually cut more rocks out of for individual
sales, usually $20 a rock.”  Officer
Rowland also testified that the cookies were the biggest rocks he had ever
seen.  Chief Bassett testified that, in
his fifteen years of law enforcement in Richardson, Dallas, and Haskell, the amount of cocaine
seized at appellant=s house
was the most he had ever found.

Applying the applicable standards of review the
evidence was legally and factually sufficient to show that appellant possessed
the cocaine with the intent to deliver. 
We overrule appellant’s third and fourth issues on appeal. 

Ineffective Assistance of Counsel

In appellant’s fifth issue, she contends that she
received ineffective assistance of counsel. 
To prevail on a claim of ineffective assistance of counsel, an appellant
must establish that her lawyer’s performance fell below an objective standard
of reasonableness and that there is a “reasonable probability” the result of
the proceeding would have been different but for counsel=s
deficient performance.  Strickland v.
Washington, 466 U.S.
668, 693-94 (1984); see Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001).  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986). 
The purpose of this two-pronged test is to judge whether counsel=s conduct so compromised the proper
functioning of the adversarial process that the trial cannot be said to have
produced a reliable result.  Thompson
v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (citing McFarland
v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992).








The review of defense counsel’s representation is
highly deferential and presumes that trial 
counsel’s actions fell within a wide range of reasonable professional
assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex.
Crim. App. 2000).  Appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. 
Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994); Hayden
v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland
2005, pet. ref=d).  When the record is silent on the motivations
underlying trial counsel’s tactical decisions, the appellant usually cannot
overcome the strong presumption that counsel’s conduct was reasonable.  Thompson v. State, 9 S.W.3d at
813.  In order to defeat Strickland’s presumption
of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.”  Id. at 814
(quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)).  In the majority of cases, the
record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel’s actions.  Id.

Appellant contends that she received ineffective
assistance of counsel because trial counsel failed to object to hearsay
statements.  Chief Bassett testified that
the confidential informant told him that appellant was in possession of cocaine.  When the hearsay statement came into evidence
the second time, trial counsel objected but failed to ask for an instruction to
disregard. 

While trial counsel could have objected to some of
the complained‑of testimony, we cannot rule out that there was some sound
trial strategy for not objecting. 
Advocates must be free to choose to not make objections even if they
have a legal basis for doing so.  McKinny
v. State, 76 S.W.3d 463, 473 (Tex.
App.CHouston
[1st Dist.] 2002, no pet.).  The record
contains no evidence of the reasoning behind 
trial counsel’s actions in failing to object to the hearsay
statement.  Therefore, we cannot conclude
that counsel’s performance was deficient. 
We overrule appellant’s fifth issue on appeal. 

Conclusion 

We affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

June 28, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.