Opinion filed October 9, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 9,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00045-CR 

                                                    __________

 

                              DONALD BRADLEY FARRIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR31745

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

The
jury convicted Donald Bradley Farris of aggravated assault with a deadly
weapon.  The trial court assessed punishment at two years confinement and a
$1,000 fine.  We affirm the judgment of conviction, reverse the judgment as to
Farris=s punishment,
and remand for a new hearing on punishment.








In
his first and second issues on appeal, appellant argues that he received
ineffective assistance of counsel at the punishment and guilt/innocence phases
of trial.  To prevail on an ineffective assistance of counsel claim, the
familiar Strickland test must be met.  Strickland v. Washington,
466 U.S. 668, 693‑94 (1984).  The test in Strickland is properly
applied to the punishment phase of a non‑capital case.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). An appellant must
establish that his lawyer=s
performance fell below an objective standard of reasonableness and that there
is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland,
466 U.S. at 693‑94; Mallett v. State, 65 S.W.3d 59, 62‑63
(Tex. Crim. App. 2001).  A reasonable probability is a probability sufficient
to undermine confidence in the outcome of the trial.  Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The purpose of this two‑pronged
test is to judge whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v.
State, 9 S.W.3d 808, 812‑13 (Tex. Crim. App. 1999).

The
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within a
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@ 
Thompson, 9 S.W.3d at 814.








Appellant
first argues that his trial counsel was ineffective in the punishment phase of
the  trial by failing to file an election for the jury to assess punishment and
by failing to file an application for probation.  If a finding of guilty is
returned, it is the responsibility of the judge to assess the punishment
applicable to the offense.  Tex. Code
Crim. Proc. Ann. art. 37.07, '
2(b) (Vernon Supp. 2008).  However, where the defendant elects to go to the
jury for punishment, he must make an election in writing before the
commencement of the voir dire examination of the jury panel.  In that event,
the punishment shall be assessed by the same jury.  Article 37.07, section
2(b).  The trial court was prohibited by statute from placing appellant on
community supervision for aggravated assault with a deadly weapon.  Tex. Code Crim. Proc. Ann.  art. 42.12,
' 3g(a)(2) (Vernon
Supp. 2008).  Therefore, before he would be eligible to receive community
supervision, appellant would have to file an election for the jury to assess
punishment and would have to file an application for probation.

Appellant=s trial counsel testified
at the hearing on appellant=s
motion for new trial that she did not file an election for the jury to assess
punishment or an application for probation and that she was aware that the
documents were required to be filed in order for appellant to receive community
supervision.  Trial counsel further testified that the failure to file the
required documents was not trial strategy.  At the hearing, the trial court
found:

Court finds that the
lack of an Application for Probation and the lack of the Defendant=s written election for jury
assessment of punishment deprived [appellant] of his only chance of probation
on conviction of this charge, a deadly weapon finding, the Court Trial Judge is
not permitted to grant probation.  Irrespective of what the jury might have
assessed at the punishment phase, any chance of probation was foreclosed by the
absence of a Sworn Motion for Probation and the election of the jury to assess
punishment.

 

Trial
Court concludes [appellant] ought to be granted a new trial on punishment, but
the Trial Court=s
powerless to do that. 

 

Appellant has
shown that he received ineffective assistance of counsel at the punishment
phase of the trial.  Appellant=s
first issue on appeal is sustained.

In
his second issue on appeal, appellant complains that trial counsel was
ineffective at the guilt/innocence phase of trial because trial counsel was not
prepared for trial, did not call certain witnesses, and did not meet the
requirements to pursue a motion to recuse the trial court judge.  The record
shows that the trial judge revealed to the parties that he owned some shares of
stock in TXU.  The victim in this case was working under contract for TXU at
the time of the offense.    Appellant=s
trial counsel requested that the trial court recuse itself based upon that
interest.  An administrative judge assigned another judge to hear the motion to
recuse, and that judge heard and denied appellant=s
motion.  Any shortcomings in the motion were of no effect because appellant
received a hearing on his  motion.  Appellant has not shown that his trial
counsel was ineffective in pursuing a motion to recuse.

Appellant
argues that his trial counsel was not prepared for trial and that trial counsel
failed to call certain witnesses.  Appellant=s
trial counsel requested a continuance because a petition for discretionary
review of the denial of a writ of mandamus dealing with the disqualification of
the








district
attorney=s office was
pending in the Texas Court of Criminal Appeals.  The trial court denied the
motion for continuance and informed appellant that the case would proceed to
trial.  Appellant=s
trial counsel stated that she was not prepared to go to trial.  Trial counsel
stated that she had not issued subpoenas and that she had not adequately
prepared her witnesses. 

The
record shows that the State called the victim, two police officers, and the
manager of 9-1-1 calls for the City of Midland to testify at trial.  Appellant=s trial counsel conducted
thorough cross-examination of the State=s
witnesses.  Trial counsel called appellant, his mother, and his sister to
testify.  All of the interested parties in the altercation testified at trial. 
Trial counsel stated that she was unprepared for trial; however, the record
shows that she made numerous relevant objections, argued a motion to suppress
statements made by appellant, and conducted a thorough examination of all
witnesses.  Appellant has not shown that he
received ineffective assistance of counsel at the guilt/innocence phase of the
trial.  Appellant=s second issue on appeal is overruled.   

In his fourth issue, appellant contends that the
evidence is both legally and factually insufficient to support his conviction. 
In order to determine if the evidence is legally sufficient, we must
review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light.  Watson v. State,
204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15;  Johnson, 23 S.W.3d at 10-11.








We
review the factfinder=s
weighing of the evidence and cannot substitute our judgment for that of the
factfinder.  Cain, 958 S.W.2d at 407; Clewis, 922 S.W.2d at 135. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d 1; Jones v. State, 944 S.W.2d 642
(Tex. Crim. App. 1996).  This court has the authority to disagree with the
factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

Richard
Carpenter testified at trial that he previously worked for a company that
contracted with TXU to disconnect electrical service.  On January 10, 2006,
Carpenter received a work order to disconnect electrical service at the
residence where appellant lived with his mother.  When Carpenter arrived at the
residence, he told appellant he was there to disconnect the service.  Appellant
told Carpenter that he was not going to disconnect the service.  Appellant then
walked away.  Carpenter got in the Abucket@ on his truck to lift him
to the pole to disconnect the electrical service.  As he was going up,
Carpenter heard appellant at the door of the residence.  Carpenter looked at
appellant, and appellant was pointing a pistol at Carpenter.  Appellant fired a
shot at Carpenter that hit Carpenter=s
bucket truck.  Carpenter eventually lowered the bucket, got in his truck, and
called 9-1-1.

Officer
Gary Kennedy testified that he responded to the call.  Officer Kennedy asked
appellant what had happened, and appellant replied that he shot at someone who
was trying to turn off his electricity.  Appellant told Officer Kennedy that he
was defending his property.  Officer Kennedy told  appellant that Carpenter was
not on his property.  Carpenter also told Officer Kennedy that someone shot at
him.  Officer Kennedy went into the residence to retrieve the pistol used by
appellant.  Appellant informed Officer Kennedy that his mother was inside the
residence.

Ella
Christine Farris, appellant=s
mother, testified at trial that appellant lives with her and takes care of
her.  Kimberly Ann Hutchins, appellant=s
sister, testified that she paid the bills for her mother, Ella.  Hutchins
stated that she timely paid the electric bill for her mother but that there was
a recording error with the company.  Hutchins was able to get Ella=s electricity restored on
the same day that it was disconnected. 








Appellant
testified that he did not threaten anyone on January 10 and that he did not
intend to hurt anyone.  Carpenter told appellant he was going to disconnect the
electricity, and appellant told him that he was not and that the bill had been
paid.  Appellant then went into the house and called 9-1-1.  Appellant
testified that he did not wait until police officers arrived before confronting
Carpenter.  Appellant acknowledged firing a shot but testified that he did not
shoot directly at Carpenter and that he was only trying to stop Carpenter from
turning off the electricity.  The record shows that appellant placed another
call to 9-1-1, and the recording from that call was played for the jury.  On
the recording, appellant states that he shot at Carpenter.  We find that the
evidence is both legally and factually sufficient to support appellant=s conviction for aggravated
assault with  a deadly weapon.  Appellant=s
fourth issue is overruled.

In
his third issue on appeal, appellant argues that the trial court erred in
refusing to suppress his statements to Officer Kennedy.  We review a trial
court=s ruling on a
motion to suppress evidence for an abuse of discretion.   Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We must give great deference to the
trial court=s findings
of historical facts as long as the record supports the findings.  Guzman v.
State, 955 S.W.2d 85 (Tex. Crim. App. 1997).  Because the trial court is
the exclusive factfinder, the appellate court reviews evidence adduced at the
suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).     Appellant argues that
his statements to Officer Kennedy were taken in violation of his Fifth
Amendment rights and without receiving the proper admonishments pursuant to Miranda
v. Arizona, 384 U.S. 436 (1966).  The record shows that Officer Kennedy
responded to a call of a disturbance with weapons.  Upon arriving at the scene,
Officer Kennedy spoke with Carpenter, and Carpenter stated that a man shot at
him.  When Officer Kennedy asked appellant what happened, appellant said  that
he had shot at Carpenter.  According to Officer Kennedy, appellant was not in
custody at the time he made the statement.  Appellant told Officer Kennedy that
the weapon was in the house. Officer Kennedy later placed appellant under
arrest and read him his Miranda warnings. 

The
prosecution may not use statements stemming from custodial interrogation of the
defendant unless it demonstrates the use of procedural safeguards effective to secure
the privilege against self‑incrimination.   Miranda, 384 U.S. at
444.  ACustodial
interrogation@ is
questioning that is initiated by law enforcement officers after a person has
been taken into custody or otherwise deprived of his freedom of action in any
significant way.  Id.  If an investigation is not at an accusatorial or
custodial stage, a person=s
Fifth Amendment rights have not yet come into play and the voluntariness of
those rights is not implicated.  Melton v. State, 790 S.W.2d 322, 326
(Tex. Crim. App. 1990).  Appellant=s
statement that he shot at Carpenter was not made as a result of custodial
interrogation.  See id. at 325-26.   The trial court did not abuse its
discretion when it denied appellant=s
motion to suppress the statements made to Officer Kennedy.  Appellant=s third issue on appeal is
overruled.








We
affirm the judgment as to appellant=s
conviction, reverse the judgment at to punishment, and remand for a new hearing
on punishment pursuant to Tex. Code
Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2008).

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 9, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.