**Opinion filed October 9, 2008**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00045-CR**

_____

**DONALD BRADLEY FARRIS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR31745**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Donald Bradley Farris of aggravated assault with a deadly weapon.  The trial court assessed punishment at two years confinement and a $1,000 fine.  We affirm the judgment of conviction, reverse the judgment as to Farris's punishment, and remand for a new hearing on punishment.

In his first and second issues on appeal, appellant argues that he received ineffective assistance of counsel at the punishment and guilt/innocence phases of trial.  To prevail on an ineffective assistance of counsel claim, the familiar *Strickland* test must be met.  *Strickland v.*

*Washington*, 466 U.S. 668, 693-94 (1984). The test in *Strickland* is properly applied to the punishment phase of a non-capital case. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). An appellant must establish that his lawyer's performance fell below an objective standard of reasonableness and that there is a "reasonable probability" the result of the proceeding would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 693-94; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814.

Appellant first argues that his trial counsel was ineffective in the punishment phase of the trial by failing to file an election for the jury to assess punishment and by failing to file an application for probation. If a finding of guilty is returned, it is the responsibility of the judge to assess the punishment applicable to the offense. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp. 2008). However, where the defendant elects to go to the jury for punishment, he must make an election in writing before the commencement of the voir dire examination of the jury panel. In that event, the punishment shall be assessed by the same jury. Article 37.07, section 2(b). The trial court was prohibited by statute from placing appellant on community supervision for aggravated assault with a deadly weapon. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2008). Therefore, before he would be eligible to receive community supervision, appellant would

have to file an election for the jury to assess punishment and would have to file an application for probation.

Appellant's trial counsel testified at the hearing on appellant's motion for new trial that she did not file an election for the jury to assess punishment or an application for probation and that she was aware that the documents were required to be filed in order for appellant to receive community supervision. Trial counsel further testified that the failure to file the required documents was not trial strategy. At the hearing, the trial court found:

> Court finds that the lack of an Application for Probation and the lack of the Defendant's written election for jury assessment of punishment deprived [appellant] of his only chance of probation on conviction of this charge, a deadly weapon finding, the Court Trial Judge is not permitted to grant probation. Irrespective of what the jury might have assessed at the punishment phase, any chance of probation was foreclosed by the absence of a Sworn Motion for Probation and the election of the jury to assess punishment.
>
> Trial Court concludes [appellant] ought to be granted a new trial on punishment, but the Trial Court's powerless to do that.

Appellant has shown that he received ineffective assistance of counsel at the punishment phase of the trial. Appellant's first issue on appeal is sustained.

In his second issue on appeal, appellant complains that trial counsel was ineffective at the guilt/innocence phase of trial because trial counsel was not prepared for trial, did not call certain witnesses, and did not meet the requirements to pursue a motion to recuse the trial court judge. The record shows that the trial judge revealed to the parties that he owned some shares of stock in TXU. The victim in this case was working under contract for TXU at the time of the offense. Appellant's trial counsel requested that the trial court recuse itself based upon that interest. An administrative judge assigned another judge to hear the motion to recuse, and that judge heard and denied appellant's motion. Any shortcomings in the motion were of no effect because appellant received a hearing on his motion. Appellant has not shown that his trial counsel was ineffective in pursuing a motion to recuse.

Appellant argues that his trial counsel was not prepared for trial and that trial counsel failed to call certain witnesses. Appellant's trial counsel requested a continuance because a petition for discretionary review of the denial of a writ of mandamus dealing with the disqualification of the

district attorney's office was pending in the Texas Court of Criminal Appeals. The trial court denied the motion for continuance and informed appellant that the case would proceed to trial. Appellant's trial counsel stated that she was not prepared to go to trial. Trial counsel stated that she had not issued subpoenas and that she had not adequately prepared her witnesses.

The record shows that the State called the victim, two police officers, and the manager of 9-1-1 calls for the City of Midland to testify at trial. Appellant's trial counsel conducted thorough cross-examination of the State's witnesses. Trial counsel called appellant, his mother, and his sister to testify. All of the interested parties in the altercation testified at trial. Trial counsel stated that she was unprepared for trial; however, the record shows that she made numerous relevant objections, argued a motion to suppress statements made by appellant, and conducted a thorough examination of all witnesses. Appellant has not shown that he received ineffective assistance of counsel at the guilt/innocence phase of the trial. Appellant's second issue on appeal is overruled.

In his fourth issue, appellant contends that the evidence is both legally and factually insufficient to support his conviction. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 135. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d 1; *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996). This court has the

authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

Richard Carpenter testified at trial that he previously worked for a company that contracted with TXU to disconnect electrical service. On January 10, 2006, Carpenter received a work order to disconnect electrical service at the residence where appellant lived with his mother. When Carpenter arrived at the residence, he told appellant he was there to disconnect the service. Appellant told Carpenter that he was not going to disconnect the service. Appellant then walked away. Carpenter got in the "bucket" on his truck to lift him to the pole to disconnect the electrical service. As he was going up, Carpenter heard appellant at the door of the residence. Carpenter looked at appellant, and appellant was pointing a pistol at Carpenter. Appellant fired a shot at Carpenter that hit Carpenter's bucket truck. Carpenter eventually lowered the bucket, got in his truck, and called 9-1-1.

Officer Gary Kennedy testified that he responded to the call. Officer Kennedy asked appellant what had happened, and appellant replied that he shot at someone who was trying to turn off his electricity. Appellant told Officer Kennedy that he was defending his property. Officer Kennedy told appellant that Carpenter was not on his property. Carpenter also told Officer Kennedy that someone shot at him. Officer Kennedy went into the residence to retrieve the pistol used by appellant. Appellant informed Officer Kennedy that his mother was inside the residence.

Ella Christine Farris, appellant's mother, testified at trial that appellant lives with her and takes care of her. Kimberly Ann Hutchins, appellant's sister, testified that she paid the bills for her mother, Ella. Hutchins stated that she timely paid the electric bill for her mother but that there was a recording error with the company. Hutchins was able to get Ella's electricity restored on the same day that it was disconnected.

Appellant testified that he did not threaten anyone on January 10 and that he did not intend to hurt anyone. Carpenter told appellant he was going to disconnect the electricity, and appellant told him that he was not and that the bill had been paid. Appellant then went into the house and called 9-1-1. Appellant testified that he did not wait until police officers arrived before confronting Carpenter. Appellant acknowledged firing a shot but testified that he did not shoot directly at Carpenter and that he was only trying to stop Carpenter from turning off the electricity. The record shows that appellant placed another call to 9-1-1, and the recording from that call was played for the jury. On the recording,

5

appellant states that he shot at Carpenter. We find that the evidence is both legally and factually sufficient to support appellant's conviction for aggravated assault with a deadly weapon. Appellant's fourth issue is overruled.

In his third issue on appeal, appellant argues that the trial court erred in refusing to suppress his statements to Officer Kennedy. We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

Appellant argues that his statements to Officer Kennedy were taken in violation of his Fifth Amendment rights and without receiving the proper admonishments pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The record shows that Officer Kennedy responded to a call of a disturbance with weapons. Upon arriving at the scene, Officer Kennedy spoke with Carpenter, and Carpenter stated that a man shot at him. When Officer Kennedy asked appellant what happened, appellant said that he had shot at Carpenter. According to Officer Kennedy, appellant was not in custody at the time he made the statement. Appellant told Officer Kennedy that the weapon was in the house. Officer Kennedy later placed appellant under arrest and read him his *Miranda* warnings.

The prosecution may not use statements stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda*, 384 U.S. at 444. "Custodial interrogation" is questioning that is initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id*. If an investigation is not at an accusatorial or custodial stage, a person's Fifth Amendment rights have not yet come into play and the voluntariness of those rights is not implicated. *Melton v. State*, 790 S.W.2d 322, 326 (Tex. Crim. App. 1990). Appellant's statement that he shot at Carpenter was not made as a result of custodial interrogation. *See id.* at 325-26. The trial court did not abuse its discretion when it denied appellant's motion to suppress the statements made to Officer Kennedy. Appellant's third issue on appeal is overruled.

We affirm the judgment as to appellant's conviction, reverse the judgment at to punishment, and remand for a new hearing on punishment pursuant to TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2008).


                                                JIM R. WRIGHT
                                                CHIEF JUSTICE


October 9, 2008

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

7