Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 9, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

 

                                                                  ___________

 

                                                          No. 11-07-00176-CR 

                                  __________

 

                                  SHELLY
TROWBRIDGE, Appellant

 

                                                             V.

                                 
STATE OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR18328

 



 

                                             M
E M O R A N D U M   O P I N I O N        

A
jury convicted Shelly Trowbridge of possession of methamphetamine with the
intent to deliver in the amount of more than four grams but less than two
hundred grams.  The jury assessed punishment at thirty years confinement in the
Texas Department of Criminal Justice, Institutional Division.  We affirm. 

Background
Facts








Appellant
was charged with possession of methamphetamine with the intent to deliver in
the amount of more than four grams but less then two hundred grams.  Appellant
pleaded not guilty and proceeded to a jury trial.  Before jury selection,
appellant=s counsel
moved for a continuance stating that he was not prepared to try the case. 
Counsel stated that he had been unable to interview the codefendant and that he
had not been able to review the transcript from the codefendant=s plea of guilty.  The
trial court denied the motion, and the parties picked a jury.

Prior
to the start of testimony, appellant requested new counsel.  Appellant stated
that she felt that she was not getting fair representation because her attorney
had not subpoenaed any witnesses, had not prepared any witnesses, and had not
discussed trial strategy with her.  The trial court noted the motion but did
not conduct a hearing at that time because the jury was ready to be seated.  At
the first break in testimony, the trial court held a hearing outside the
presence of the jury.  At the hearing, appellant asked for either a continuance
or for her attorney to be terminated.  Appellant=s
counsel supported the motion by asking the trial court for a 24-hour
continuance.  Counsel stated that he felt rushed into trial and that he was not
prepared for trial.  He also stated that he had not slept and that the lack of
sleep was affecting his ability to think and effectively represent appellant. 
He stated that, if granted the 24-hour continuance, he would use it to sleep. 
The trial court denied appellant=s
motion for continuance and denied appellant=s
request for new counsel.  After the trial court denied the motions, appellant=s counsel made an oral
motion for a mistrial based on ineffective assistance of counsel.  The trial
court also denied that motion.








The
evidence at trial established that Officer Jason Benefield conducted a traffic
stop on a vehicle that had a broken brake light.  Appellant was a passenger in
the vehicle.  The driver of the vehicle was identified as Gaylon Kerry Smith.[1] 
After conducting the traffic stop, Officer Benefield asked for consent to
search the vehicle.  Smith granted consent.  During the search, Officer
Benefield found a used glass methamphetamine pipe, four unused glass
methamphetamine pipes, a large package wrapped with black electrical tape
containing methamphetamine, two smaller packages wrapped with electrical tape
containing  methamphetamine, numerous air fresheners, a green torch lighter
typically used for methamphetamine pipes or crack pipes, and four cell phones. 
The testimony established that the amount of methamphetamine found in the
vehicle, the type of packaging the methamphetamine was in, the four unused
glass pipes, the four cell phones, and the numerous air fresheners were all
indicators that appellant and Smith were in possession of methamphetamine with
the intent to deliver. 

Issue
on Appeal

Appellant
asserts in one issue that she was denied a fair trial because she received
ineffective assistance of counsel. 

Standard
of Review

To
prevail on a claim of ineffective assistance of counsel, an appellant must
establish that her lawyer=s
performance fell below an objective standard of reasonableness and that there
is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 693-94 (1984); Mallett v. State, 65
S.W.3d 59, 62-63 (Tex. Crim. App. 2001).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome of the trial.  Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The purpose of this
two-pronged test is to judge whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v.
State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).








The
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within a
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  When the record is
silent on the motivations underlying counsel=s
tactical decisions, an appellant usually cannot overcome the strong presumption
that counsel=s conduct
was reasonable.  Thompson, 9 S.W.3d at 813.  In order to defeat Strickland=s presumption of reasonable
professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. at 814
(quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)).  We do not inquire into trial strategy unless no plausible basis exists
for trial counsel=s
actions.  Johnson v. State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).
When the record contains no evidence of the reasoning behind trial counsel=s actions, we cannot
conclude that counsel=s
performance was deficient.  Jackson, 877 S.W.2d at 771.

Analysis

Appellant
argues that her counsel was ineffective because he was not prepared for trial
and even admitted that he was not prepared to take the case to trial. 
Appellant complains that her counsel failed to subpoena witnesses and failed to
discuss her testimony and the testimony of the other witnesses with her. 
However, the record shows that her counsel aggressively cross-examined each of
the State=s witnesses
and made several objections to the State=s
evidence.  Appellant=s
counsel  reviewed all of the State=s
evidence prior to trial and was familiar with the facts of the case.  Appellant=s counsel developed the
defense that she was not dealing drugs; Smith was the dealer.  Counsel
developed testimony that appellant was only a user and tied to Smith because of
her addiction and lack of money and transportation.  Appellant=s counsel also called
several witnesses for her defense.  It is not apparent from the record whether
there were other defense witnesses that had not been subpoenaed and, if so,
what testimony they would have offered. Appellant did not testify, and there is
nothing in the record establishing the reasoning behind counsel=s actions not to have
appellant testify.  We cannot conclude that counsel=s performance was deficient. 

Appellant
next argues that she received ineffective assistance because her counsel had
not interviewed some of the defense witnesses.  Tommy Clark testified for the
defense.  Appellant=s
counsel attempted to solicit reputation testimony from Clark.  Clark testified
that he did not know appellant; he knew her kids and had seen her in church a
few times.  The State objected to the relevance of Clark=s testimony.  Counsel stated, outside the
presence of the jury, that it was his understanding that Clark knew appellant
better than the record indicated and that he thought he could still elicit
reputation testimony from him.  The trial court allowed Clark to testify as to
appellant=s
reputation.  However, Clark testified that he did not have an opinion as to
appellant=s reputation
as a law-abiding citizen.  While it is better practice to interview witnesses
before they testify, we cannot say that counsel was constitutionally
ineffective for calling Clark as a witness without having previously
interviewed him.  The record indicates that counsel had received some
information that Clark knew appellant better, and Clark did not testify that
appellant had a bad reputation, only that he had no knowledge of appellant=s reputation.  Appellant
can show no harm. 








Appellant=s counsel also called
Gaylon Smith to testify.  The trial court held a hearing outside the presence
of the jury to determine if Smith intended to assert his Fifth Amendment
privilege not to testify and if he could be compelled to testify.  Smith
elected to assert his Fifth Amendment privilege, and the trial court did not
compel him to testify.  The trial court further instructed counsel  not to
mention that Smith invoked his Fifth Amendment privilege in front of the jury. 
Because Smith never testified in front of the jury, appellant cannot show any
harm by her counsel failing to interview Smith. 

Appellant
also argues that she received ineffective assistance because her counsel called
appellant=s former
attorney.  Appellant waived the attorney-client privilege at her counsel=s direction. Claire
Mehaffey testified that she was initially appointed to represent appellant and
that Smith called her admitting that all the drugs were his and that appellant
did not have any idea the drugs were in the car.  Mehaffey testified that she
was later unable to contact Smith to get him to sign an affidavit.  Mehaffey
also testified that she met with appellant one time at the jail, but that
appellant was so distressed about her mother=s
death that they did not discuss the facts of the case.  Appellant=s counsel and the trial
court clearly admonished appellant about waiving her attorney-client privilege.
Mehaffey=s testimony
was the only way to establish that Smith had claimed all the responsibility for
the drugs.  Mehaffey did not testify to any damaging conversations she had with
appellant.  Counsel=s
decision to call Mehaffey as a witness was part of his trial strategy, and the
record does not establish how counsel=s
actions were unreasonable. 

Appellant
further argues that her counsel was ineffective because he did not file a
timely  election for the jury to assess punishment and did not file a timely
application for community supervision.  However, the trial court accepted
counsel=s late
election to have the jury assess punishment and his late application for
community supervision.  The jury assessed punishment and was instructed to consider
community supervision for appellant.  Accordingly, no harm is shown.








Appellant
also argues that, although counsel had moved for a mistrial based on
ineffective assistance, he did not include ineffective assistance of counsel as
grounds in the motion for new trial.  Appellant=s
trial counsel filed a motion for new trial alleging jury misconduct in the
guilt/innocence stage and the punishment stage of trial.  However, appellant=s counsel on appeal filed
an amended motion for new trial alleging ineffective assistance at trial. 
Therefore, the issue of ineffective assistance was before the trial court in a
motion for new trial, and no harm is shown.  Based on the record, appellant did
not receive ineffective assistance of counsel at trial.  We overrule appellant=s issue on appeal.

Conclusion

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

 

April 9, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:   Wright,
C.J., 

McCall, J., and Strange, J.









[1]Smith pleaded guilty to possession of methamphetamine
with the intent to deliver prior to appellant=s
trial.