Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




   Opinion filed April 9,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00294-CR 

                                                    __________

 

                                 SCOTT DONALD SHULL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 355th District Court

 

                                                           Hood
County, Texas

 

                                                 Trial
Court Cause No. CR10356

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Scott Donald Shull of driving while intoxicated with a child
passenger.  The trial court assessed his punishment at twenty-four months
confinement in a state jail facility and a $2,500 fine.  The trial court
suspended the imposition of the confinement portion of the sentence and placed
appellant on community supervision for five years.  We affirm.  








There
is no challenge to the sufficiency of the evidence.  Lieutenant Steve Smith of
the Hood County Sheriff=s
Office testified that he stopped the vehicle appellant was driving because he
was traveling sixty miles-per-hour in a forty mile-per-hour zone.   There was
another adult male in the front passenger seat and three small children in the
backseat.  Appellant told Lieutenant Smith that he had consumed two alcoholic
beverages.  Lieutenant Smith testified that he smelled a strong odor of alcohol
from appellant=s
breath.  Lieutenant Smith conducted the horizontal gaze nystagmus test and
other field sobriety tests and, based upon appellant=s performance on those tests, placed appellant
under arrest for driving while intoxicated.  Appellant was taken to the Hood
County Jail where he refused to give a breath specimen.  Appellant performed
the field sobriety tests again at the jail.  The videotape of appellant at both
the scene of the arrest and the jail was viewed by the jury.   Appellant
called Lauralie Fahrenbruch to testify.  Fahrenbruch previously was employed by
Chili=s restaurant as
a server and bartender.  Fahrenbruch received training on how much alcohol to
safely serve customers.  Fahrenbruch testified that, on the day of the offense,
appellant and the adult passenger each consumed two beers while they were in
the restaurant for approximately an hour.    Fahrenbruch testified that
appellant was not intoxicated when he left the restaurant and that she did not
have concern for the safety of the three children.   

In
his sole issue on appeal, appellant complains that he received ineffective
assistance of counsel.  In order to
prevail on a claim of ineffective assistance of counsel, an appellant must
establish that his lawyer=s
performance fell below an objective standard of reasonableness and that there
is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 693‑94 (1984); Mallett v. State,
65 S.W.3d 59, 62‑63 (Tex. Crim. App. 2001).  A reasonable probability is
a probability sufficient to undermine confidence in the outcome of the trial.  Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The purpose of this
two‑pronged test is to judge whether counsel=s conduct so compromised the proper functioning
of the adversarial process that the trial cannot be said to have produced a
reliable result.  Thompson v. State, 9 S.W.3d 808, 812‑13 (Tex.
Crim. App. 1999).








The
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within a
wide range of reasonable professional assistance.   Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  An appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@ 
Thompson, 9 S.W.3d at 814 (quoting  McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996)).

Generally,
the record on appeal will not be sufficient to show that trial counsel=s representation was so
lacking as to overcome the presumption of reasonable conduct.   Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  We do not inquire into
trial strategy unless no plausible basis exists for trial counsel=s actions.  Johnson v.
State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).  When the record
contains no evidence of the reasoning behind trial counsel=s actions, we cannot
conclude that counsel=s
performance was deficient.  Jackson, 877 S.W.2d at 771.

Appellant
specifically complains that his trial counsel was ineffective in allowing into
evidence Athe fact
that the [appellant] had previously been arrested for possession of marijuana.@  At trial, the State
admitted the videotape of appellant in the Aintoxilyzer
room@ taken at the
jail.  During opening statements, appellant=s
trial counsel told the jury:

[Y]ou=re entitled to kind of hear
the rest of it and the remainder of how it all goes in a case of this nature. 
We=re going to call
first -- I think what we=ll
do first, we=re going
to play the remainder of tape . . . that shows the book-in procedure at the
jail, and you=ll be
able to see through some of that. . . . I believe one of things you=ll see in particular is the
fact that he=s able to
recite the alphabet backwards while he=s
talking to them during his interaction with them. . . . I think the interaction
through this thing shows that there was absolutely no loss of mental faculties
for this young man. 

 

The remainder of
the videotape was played for the jury. 








After
Fahrenbruch=s
testimony, appellant=s
trial counsel told the trial court that appellant wished to testify.   The
State then informed the trial court that, based upon subject matter brought out
in the videotape, the State would impeach appellant with prior bad acts.  The
State argued that appellant opened the door for impeachment with appellant=s previous arrest for
marihuana three months prior to his arrest for driving while intoxicated. 
Trial counsel stated that he was unaware of any reference to the marihuana
arrest on the videotape.  The trial court ruled that the State would be allowed
to cross-examine appellant about statements he made on the videotape relating
to the marihuana arrest.  Appellant did not testify at trial.  The State
briefly mentioned during its closing argument that, on the videotape, appellant
stated he had previously been arrested for possession of marihuana. 

The
record shows that appellant=s
trial counsel conducted a thorough cross-examination of Lieutenant Smith. 
Trial counsel presented evidence on appellant=s
behalf to show that he had consumed two beers while at a restaurant for an
hour.  Trial counsel elicited testimony that appellant was not intoxicated when
he left the restaurant.  Appellant=s
trial counsel stated that the videotape showed that appellant had not lost the
normal use of his mental faculties and that he was able to correctly perform
the field sobriety tests.  We cannot say that trial counsel=s actions were not sound
trial strategy or that other conduct would have changed the trial=s outcome.  Appellant has
failed to rebut the presumption that his trial counsel=s actions were reasonable.  Therefore,
appellant has not shown that he received ineffective assistance of counsel. 
Appellant=s sole issue
on appeal is overruled.

The
judgment of the trial court is affirmed. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 9, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.