**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00294-CR

_____

## SCOTT DONALD SHULL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 355th District Court**

**Hood County, Texas**

**Trial Court Cause No. CR10356**

### M E M O R A N D U M   O P I N I O N

The jury convicted Scott Donald Shull of driving while intoxicated with a child passenger. The trial court assessed his punishment at twenty-four months confinement in a state jail facility and a $2,500 fine. The trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for five years. We affirm.

There is no challenge to the sufficiency of the evidence. Lieutenant Steve Smith of the Hood County Sheriff's Office testified that he stopped the vehicle appellant was driving because he was traveling sixty miles-per-hour in a forty mile-per-hour zone. There was another adult male in the

front passenger seat and three small children in the backseat. Appellant told Lieutenant Smith that he had consumed two alcoholic beverages. Lieutenant Smith testified that he smelled a strong odor of alcohol from appellant's breath. Lieutenant Smith conducted the horizontal gaze nystagmus test and other field sobriety tests and, based upon appellant's performance on those tests, placed appellant under arrest for driving while intoxicated. Appellant was taken to the Hood County Jail where he refused to give a breath specimen. Appellant performed the field sobriety tests again at the jail. The videotape of appellant at both the scene of the arrest and the jail was viewed by the jury.

Appellant called Lauralie Fahrenbruch to testify. Fahrenbruch previously was employed by Chili's restaurant as a server and bartender. Fahrenbruch received training on how much alcohol to safely serve customers. Fahrenbruch testified that, on the day of the offense, appellant and the adult passenger each consumed two beers while they were in the restaurant for approximately an hour. Fahrenbruch testified that appellant was not intoxicated when he left the restaurant and that she did not have concern for the safety of the three children.

In his sole issue on appeal, appellant complains that he received ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, an appellant must establish that his lawyer's performance fell below an objective standard of reasonableness and that there is a "reasonable probability" the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex.

2

App.—Eastland 2005, pet. ref'd). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

Generally, the record on appeal will not be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson*, 877 S.W.2d at 771.

Appellant specifically complains that his trial counsel was ineffective in allowing into evidence "the fact that the [appellant] had previously been arrested for possession of marijuana." At trial, the State admitted the videotape of appellant in the "intoxilyzer room" taken at the jail. During opening statements, appellant's trial counsel told the jury:

> [Y]ou're entitled to kind of hear the rest of it and the remainder of how it all goes in a case of this nature. We're going to call first -- I think what we'll do first, we're going to play the remainder of tape . . . that shows the book-in procedure at the jail, and you'll be able to see through some of that. . . . I believe one of things you'll see in particular is the fact that he's able to recite the alphabet backwards while he's talking to them during his interaction with them. . . . I think the interaction through this thing shows that there was absolutely no loss of mental faculties for this young man.

The remainder of the videotape was played for the jury.

After Fahrenbruch's testimony, appellant's trial counsel told the trial court that appellant wished to testify. The State then informed the trial court that, based upon subject matter brought out in the videotape, the State would impeach appellant with prior bad acts. The State argued that appellant opened the door for impeachment with appellant's previous arrest for marihuana three months prior to his arrest for driving while intoxicated. Trial counsel stated that he was unaware of any reference to the marihuana arrest on the videotape. The trial court ruled that the State would be allowed to cross-examine appellant about statements he made on the videotape relating to the marihuana arrest. Appellant did not testify at trial. The State briefly mentioned during its closing

argument that, on the videotape, appellant stated he had previously been arrested for possession of marihuana.

The record shows that appellant's trial counsel conducted a thorough cross-examination of Lieutenant Smith. Trial counsel presented evidence on appellant's behalf to show that he had consumed two beers while at a restaurant for an hour. Trial counsel elicited testimony that appellant was not intoxicated when he left the restaurant. Appellant's trial counsel stated that the videotape showed that appellant had not lost the normal use of his mental faculties and that he was able to correctly perform the field sobriety tests. We cannot say that trial counsel's actions were not sound trial strategy or that other conduct would have changed the trial's outcome. Appellant has failed to rebut the presumption that his trial counsel's actions were reasonable. Therefore, appellant has not shown that he received ineffective assistance of counsel. Appellant's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 9, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4