Opinion filed April 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00332-CR

                                                    __________

 

                          NATHAN JOE TALAMANTEZ, Appellant

 

                                                             V.


 

                                      STATE
OF TEXAS, Appellee 



 

                                   On
Appeal from the 244th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. C-36,131

 



 

M
E M O R A N D U M   O P I N I O N

            A
jury convicted Nathan Joe Talamantez of aggravated robbery.  Punishment was
assessed at twenty-five years confinement.  We affirm.

I.  Background

At
around 7:00 p.m. on January 14, 2009, Maria Pacheco was cashing payroll checks
for customers at the N-N-Out Grocery Store.  As she was cashing Barbara
Dickens’s check, Talamantez ran around the counter and demanded the money that
she was holding.  Both Pacheco and Dickens testified that he pulled up his
hoodie jacket to reveal a gun in his pants pocket.  Pacheco testified that
Talamantez warned her, “[D]on’t make me use this.”  Dickens recalled him
saying, “I would hate to use this, but I need that right there.”  Seeing the
gun scared Pacheco.  She froze.  Terrified, Dickens ran behind some display
cases to hide.   Talamantez grabbed the money and left the store.  Johnny Woods
was sitting in his pickup in the store’s parking lot.  He saw Talamantez run away. 
Woods testified that he spotted the butt of a pistol in Talamantez’s jacket
pocket.

Later
that evening, police arrested Talamantez for the robbery.  He informed the
officers that he wanted to talk with a detective.  Detective Michael Liverett
of the Odessa Police Department interviewed Talamantez.  Detective Liverett
made a DVD of the interview, and it was played for the jury.  During the
interview, Talamantez admitted to having committed the robbery.  He claimed,
however, that he did not have a gun.  Instead, Talamantez said that he put his
hand in his jacket pocket to make Pacheco think he had a gun.  He recalled
telling her, “[D]on’t make me shoot you, I need the money.”  He explained that
his intent was to make her afraid so that she would cooperate.

At
trial, Talamantez again admitted to having committed the robbery.  However, he
testified that he did not use a gun and that he did not try to make it look
like he had a gun.  He testified that he ran up to Pacheco, showed her his
fist, and acted as if he would hit her if she did not give him the money. 
Talamantez admitted to threatening Pacheco and admitted that his intent was to
scare her so that she would give him the money.

Talamantez
later requested that a lesser included instruction for the offense of theft be
submitted to the jury.  The trial court refused to give this instruction.

II.  Issue

In
his only issue on appeal, Talamantez contends that it was reversible error for
the trial court to deny him a lesser included instruction for the offense of
theft.

III.  Discussion

To
determine if an instruction on a lesser included offense is warranted, we first
ask if the lesser included offense is included within the proof necessary to
establish the offense charged.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  The State concedes that theft is a lesser included
offense of aggravated robbery.  We next ask if there is some evidence in the
record that would permit a rational jury to find that, if the defendant is
guilty, he is guilty only of the lesser offense.  Rousseau, 855 S.W.2d
at 673.  We must review all of the evidence presented at trial in making this
determination.  Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994).  We do not consider the credibility of the evidence or whether it
conflicts with other evidence.  Young v. State, 283 S.W.3d 854, 875-76
(Tex. Crim. App. 2009).  The fact that the State, in the course of proving the
offense charged, may also have proved a lesser offense does not entitle
Talamantez to a charge on the lesser included offense.  Gibbs v. State,
819 S.W.2d 821, 832 (Tex. Crim. App. 1991).  Rather, evidence from some source
must affirmatively raise the issue of the lesser offense.  Bignall, 887
S.W.2d at 24.        

A
person commits the offense of theft if he unlawfully appropriates property with
intent to deprive the owner of the property.  Texas
Penal Code Ann. § 31.03(a) (Vernon Supp. 2010).  A person commits the
offense of robbery if, in the course of committing theft and with intent to obtain
or maintain control of property, he intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.  Id. §
29.02(a)(2) (Vernon 2003).  A person commits the offense of aggravated robbery
if he commits robbery and uses or exhibits a deadly weapon.  Id. §
29.03(a)(2).   A firearm is a deadly weapon.  Id. § 1.07 (Vernon Supp.
2010).

Talamantez
argues that evidence presented at trial that he did not have a gun shows that
he was entitled to a lesser included instruction on theft.  However, this
evidence would more directly undermine the deadly weapon finding that was an
element of the charge of aggravated robbery.  See id. § 29.03(a)(2).  Based
on this evidence, Talamantez might have been entitled to a lesser included
instruction on the offense of robbery.  In fact, the trial court submitted such
an instruction to the jury.

In
order to be entitled to a lesser included instruction on theft, there would
have to be some evidence that Talamantez did not threaten or place another in
fear of imminent bodily injury or death.  See id. § 29.02(a)(2).  The
pertinent question is whether “the accused’s words and conduct were sufficient
to place a reasonable person in the victim’s circumstances in fear of imminent
bodily injury.”  Hayden v. State, 155 S.W.3d 640, 643 (Tex.
App.—Eastland 2005, pet. ref’d).  Under any version of the facts, it is
undisputed that Talamantez threatened Pacheco.  The witnesses to the robbery
testified that Talamantez showed Pacheco a gun and demanded the money, saying,
“[D]on’t make me use this,” or “I would hate to use this, but I need that right
there.”  Both Pacheco and Dickens testified that his actions scared them. 
During his interview with Detective Liverett, Talamantez admitted to putting
his hand into his jacket pocket to make it look like he had a gun in order to
scare Pacheco into giving him the money, telling her,  “[D]on’t make me shoot
you, I need the money.”  At trial, Talamantez testified that he showed Pacheco
his fist and acted as if he would hit her if she did not hand over the money. 
At several points during his testimony, he reiterated that he threatened
Pacheco and that he wanted to scare her into giving him the money.  In short,
no evidence was presented that would permit a rational jury to find that, if
Talamantez was guilty, he was only guilty of theft.  See Rousseau, 855
S.W.2d at 673.  Moreover, Talamantez admitted at trial to having committed
robbery.  Thus, the trial court did not err in refusing him a lesser included
instruction on the offense of theft.  Accordingly, we overrule Talamantez’s
only issue on appeal.

IV.  Conclusion

            The
judgment of the trial court is affirmed.

            

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

April 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.