**Opinion filed April 21, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00332-CR
_____

## NATHAN JOE TALAMANTEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-36,131**

## MEMORANDUM OPINION

A jury convicted Nathan Joe Talamantez of aggravated robbery. Punishment was assessed at twenty-five years confinement. We affirm.

### I. *Background*

At around 7:00 p.m. on January 14, 2009, Maria Pacheco was cashing payroll checks for customers at the N-N-Out Grocery Store. As she was cashing Barbara Dickens's check, Talamantez ran around the counter and demanded the money that she was holding. Both Pacheco and Dickens testified that he pulled up his hoodie jacket to reveal a gun in his pants pocket. Pacheco testified that Talamantez warned her, "[D]on't make me use this." Dickens

recalled him saying, "I would hate to use this, but I need that right there." Seeing the gun scared Pacheco. She froze. Terrified, Dickens ran behind some display cases to hide. Talamantez grabbed the money and left the store. Johnny Woods was sitting in his pickup in the store's parking lot. He saw Talamantez run away. Woods testified that he spotted the butt of a pistol in Talamantez's jacket pocket.

Later that evening, police arrested Talamantez for the robbery. He informed the officers that he wanted to talk with a detective. Detective Michael Liverett of the Odessa Police Department interviewed Talamantez. Detective Liverett made a DVD of the interview, and it was played for the jury. During the interview, Talamantez admitted to having committed the robbery. He claimed, however, that he did not have a gun. Instead, Talamantez said that he put his hand in his jacket pocket to make Pacheco think he had a gun. He recalled telling her, "[D]on't make me shoot you, I need the money." He explained that his intent was to make her afraid so that she would cooperate.

At trial, Talamantez again admitted to having committed the robbery. However, he testified that he did not use a gun and that he did not try to make it look like he had a gun. He testified that he ran up to Pacheco, showed her his fist, and acted as if he would hit her if she did not give him the money. Talamantez admitted to threatening Pacheco and admitted that his intent was to scare her so that she would give him the money.

Talamantez later requested that a lesser included instruction for the offense of theft be submitted to the jury. The trial court refused to give this instruction.

## II. *Issue*

In his only issue on appeal, Talamantez contends that it was reversible error for the trial court to deny him a lesser included instruction for the offense of theft.

## III. *Discussion*

To determine if an instruction on a lesser included offense is warranted, we first ask if the lesser included offense is included within the proof necessary to establish the offense charged. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). The State concedes that theft is a lesser included offense of aggravated robbery. We next ask if there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673. We must review all of the evidence presented at trial in making this determination. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App.

2

1994). We do not consider the credibility of the evidence or whether it conflicts with other evidence. *Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009). The fact that the State, in the course of proving the offense charged, may also have proved a lesser offense does not entitle Talamantez to a charge on the lesser included offense. *Gibbs v. State*, 819 S.W.2d 821, 832 (Tex. Crim. App. 1991). Rather, evidence from some source must affirmatively raise the issue of the lesser offense. *Bignall*, 887 S.W.2d at 24.

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEXAS PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2010). A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id*. § 29.02(a)(2) (Vernon 2003). A person commits the offense of aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. *Id*. § 29.03(a)(2). A firearm is a deadly weapon. *Id*. § 1.07 (Vernon Supp. 2010).

Talamantez argues that evidence presented at trial that he did not have a gun shows that he was entitled to a lesser included instruction on theft. However, this evidence would more directly undermine the deadly weapon finding that was an element of the charge of aggravated robbery. *See id.* § 29.03(a)(2). Based on this evidence, Talamantez might have been entitled to a lesser included instruction on the offense of robbery. In fact, the trial court submitted such an instruction to the jury.

In order to be entitled to a lesser included instruction on theft, there would have to be some evidence that Talamantez did not threaten or place another in fear of imminent bodily injury or death. *See id.* § 29.02(a)(2). The pertinent question is whether "the accused's words and conduct were sufficient to place a reasonable person in the victim's circumstances in fear of imminent bodily injury." *Hayden v. State*, 155 S.W.3d 640, 643 (Tex. App.—Eastland 2005, pet. ref'd). Under any version of the facts, it is undisputed that Talamantez threatened Pacheco. The witnesses to the robbery testified that Talamantez showed Pacheco a gun and demanded the money, saying, "[D]on't make me use this," or "I would hate to use this, but I need that right there." Both Pacheco and Dickens testified that his actions scared them. During his interview with Detective Liverett, Talamantez admitted to putting his hand into his jacket pocket to make it look like he had a gun in order to scare Pacheco into giving him the money, telling her, "[D]on't make me shoot you, I need the money." At trial, Talamantez testified that he showed Pacheco

his fist and acted as if he would hit her if she did not hand over the money. At several points during his testimony, he reiterated that he threatened Pacheco and that he wanted to scare her into giving him the money. In short, no evidence was presented that would permit a rational jury to find that, if Talamantez was guilty, he was only guilty of theft. *See Rousseau*, 855 S.W.2d at 673. Moreover, Talamantez admitted at trial to having committed robbery. Thus, the trial court did not err in refusing him a lesser included instruction on the offense of theft. Accordingly, we overrule Talamantez's only issue on appeal.

IV. *Conclusion*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

April 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.