**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

_____

### No. 11-07-00176-CR
_____

### SHELLY TROWBRIDGE, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR18328**

## M E M O R A N D U M   O P I N I O N

A jury convicted Shelly Trowbridge of possession of methamphetamine with the intent to deliver in the amount of more than four grams but less than two hundred grams. The jury assessed punishment at thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

### Background Facts

Appellant was charged with possession of methamphetamine with the intent to deliver in the amount of more than four grams but less then two hundred grams. Appellant pleaded not guilty and

proceeded to a jury trial. Before jury selection, appellant's counsel moved for a continuance stating that he was not prepared to try the case. Counsel stated that he had been unable to interview the codefendant and that he had not been able to review the transcript from the codefendant's plea of guilty. The trial court denied the motion, and the parties picked a jury.

Prior to the start of testimony, appellant requested new counsel. Appellant stated that she felt that she was not getting fair representation because her attorney had not subpoenaed any witnesses, had not prepared any witnesses, and had not discussed trial strategy with her. The trial court noted the motion but did not conduct a hearing at that time because the jury was ready to be seated. At the first break in testimony, the trial court held a hearing outside the presence of the jury. At the hearing, appellant asked for either a continuance or for her attorney to be terminated. Appellant's counsel supported the motion by asking the trial court for a 24-hour continuance. Counsel stated that he felt rushed into trial and that he was not prepared for trial. He also stated that he had not slept and that the lack of sleep was affecting his ability to think and effectively represent appellant. He stated that, if granted the 24-hour continuance, he would use it to sleep. The trial court denied appellant's motion for continuance and denied appellant's request for new counsel. After the trial court denied the motions, appellant's counsel made an oral motion for a mistrial based on ineffective assistance of counsel. The trial court also denied that motion.

The evidence at trial established that Officer Jason Benefield conducted a traffic stop on a vehicle that had a broken brake light. Appellant was a passenger in the vehicle. The driver of the vehicle was identified as Gaylon Kerry Smith.[1] After conducting the traffic stop, Officer Benefield asked for consent to search the vehicle. Smith granted consent. During the search, Officer Benefield found a used glass methamphetamine pipe, four unused glass methamphetamine pipes, a large package wrapped with black electrical tape containing methamphetamine, two smaller packages wrapped with electrical tape containing methamphetamine, numerous air fresheners, a green torch lighter typically used for methamphetamine pipes or crack pipes, and four cell phones. The testimony established that the amount of methamphetamine found in the vehicle, the type of packaging the methamphetamine was in, the four unused glass pipes, the four cell phones, and the

---

[1]Smith pleaded guilty to possession of methamphetamine with the intent to deliver prior to appellant's trial.

2

numerous air fresheners were all indicators that appellant and Smith were in possession of methamphetamine with the intent to deliver.

*Issue on Appeal*

Appellant asserts in one issue that she was denied a fair trial because she received ineffective assistance of counsel.

*Standard of Review*

To prevail on a claim of ineffective assistance of counsel, an appellant must establish that her lawyer's performance fell below an objective standard of reasonableness and that there is a "reasonable probability" the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). When the record is silent on the motivations underlying counsel's tactical decisions, an appellant usually cannot overcome the strong presumption that counsel's conduct was reasonable. *Thompson*, 9 S.W.3d at 813. In order to defeat *Strickland*'s presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981). When the record contains no evidence of the reasoning

behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson*, 877 S.W.2d at 771.

*Analysis*

Appellant argues that her counsel was ineffective because he was not prepared for trial and even admitted that he was not prepared to take the case to trial. Appellant complains that her counsel failed to subpoena witnesses and failed to discuss her testimony and the testimony of the other witnesses with her. However, the record shows that her counsel aggressively cross-examined each of the State's witnesses and made several objections to the State's evidence. Appellant's counsel reviewed all of the State's evidence prior to trial and was familiar with the facts of the case. Appellant's counsel developed the defense that she was not dealing drugs; Smith was the dealer. Counsel developed testimony that appellant was only a user and tied to Smith because of her addiction and lack of money and transportation. Appellant's counsel also called several witnesses for her defense. It is not apparent from the record whether there were other defense witnesses that had not been subpoenaed and, if so, what testimony they would have offered. Appellant did not testify, and there is nothing in the record establishing the reasoning behind counsel's actions not to have appellant testify. We cannot conclude that counsel's performance was deficient.

Appellant next argues that she received ineffective assistance because her counsel had not interviewed some of the defense witnesses. Tommy Clark testified for the defense. Appellant's counsel attempted to solicit reputation testimony from Clark. Clark testified that he did not know appellant; he knew her kids and had seen her in church a few times. The State objected to the relevance of Clark's testimony. Counsel stated, outside the presence of the jury, that it was his understanding that Clark knew appellant better than the record indicated and that he thought he could still elicit reputation testimony from him. The trial court allowed Clark to testify as to appellant's reputation. However, Clark testified that he did not have an opinion as to appellant's reputation as a law-abiding citizen. While it is better practice to interview witnesses before they testify, we cannot say that counsel was constitutionally ineffective for calling Clark as a witness without having previously interviewed him. The record indicates that counsel had received some information that Clark knew appellant better, and Clark did not testify that appellant had a bad reputation, only that he had no knowledge of appellant's reputation. Appellant can show no harm.

4

Appellant's counsel also called Gaylon Smith to testify. The trial court held a hearing outside the presence of the jury to determine if Smith intended to assert his Fifth Amendment privilege not to testify and if he could be compelled to testify. Smith elected to assert his Fifth Amendment privilege, and the trial court did not compel him to testify. The trial court further instructed counsel not to mention that Smith invoked his Fifth Amendment privilege in front of the jury. Because Smith never testified in front of the jury, appellant cannot show any harm by her counsel failing to interview Smith.

Appellant also argues that she received ineffective assistance because her counsel called appellant's former attorney. Appellant waived the attorney-client privilege at her counsel's direction. Claire Mehaffey testified that she was initially appointed to represent appellant and that Smith called her admitting that all the drugs were his and that appellant did not have any idea the drugs were in the car. Mehaffey testified that she was later unable to contact Smith to get him to sign an affidavit. Mehaffey also testified that she met with appellant one time at the jail, but that appellant was so distressed about her mother's death that they did not discuss the facts of the case. Appellant's counsel and the trial court clearly admonished appellant about waiving her attorney-client privilege. Mehaffey's testimony was the only way to establish that Smith had claimed all the responsibility for the drugs. Mehaffey did not testify to any damaging conversations she had with appellant. Counsel's decision to call Mehaffey as a witness was part of his trial strategy, and the record does not establish how counsel's actions were unreasonable.

Appellant further argues that her counsel was ineffective because he did not file a timely election for the jury to assess punishment and did not file a timely application for community supervision. However, the trial court accepted counsel's late election to have the jury assess punishment and his late application for community supervision. The jury assessed punishment and was instructed to consider community supervision for appellant. Accordingly, no harm is shown.

Appellant also argues that, although counsel had moved for a mistrial based on ineffective assistance, he did not include ineffective assistance of counsel as grounds in the motion for new trial. Appellant's trial counsel filed a motion for new trial alleging jury misconduct in the guilt/innocence stage and the punishment stage of trial. However, appellant's counsel on appeal filed an amended motion for new trial alleging ineffective assistance at trial. Therefore, the issue of ineffective

5

assistance was before the trial court in a motion for new trial, and no harm is shown. Based on the record, appellant did not receive ineffective assistance of counsel at trial. We overrule appellant's issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE

JUSTICE

April 9, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:   Wright, C.J.,
McCall, J., and Strange, J.