**Opinion filed December 13, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00351-CR
_____

**ARTHUR JEFFREY MARTINEZ, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38830**

## M E M O R A N D U M   O P I N I O N

The jury convicted Arthur Jeffrey Martinez, III of aggravated assault with a deadly weapon and assessed his punishment at confinement for fifteen years. In two issues, Appellant contends that the trial court erred when it failed to sua sponte submit to the jury an instruction on a lesser included offense and that trial counsel was ineffective because he failed to request such an instruction. We affirm.

As Michael Melendez drove around waiting on his friend to get home, the driver of a black Dodge Charger pulled alongside Melendez's pickup while Melendez was stopped at a stop sign. Appellant and his cousins Gonzalo Bravo and Marino Bravo were in the Charger. Although they did not know each other, Appellant and Melendez had an angry exchange of words. Appellant began shooting at Melendez, and Melendez "slam[med] on the gas" and drove off. The Charger followed Melendez for "a block or two," and Appellant continued to shoot at Melendez's pickup. Ultimately, Appellant and the others who were in the Charger stopped chasing Melendez and returned to a nearby house where Appellant had earlier parked his vehicle. Appellant told the others that he was leaving town, and he left.

Meanwhile, Melendez called the police. When the officers arrived, they found seven bullet holes in the tailgate, left back quarter panel, rearview mirror, back window, and front windshield of Melendez's pickup.

Officers talked with the Bravo brothers, and they identified Appellant as the shooter. Appellant was later arrested in Austin by United States Marshals.

In his first issue, Appellant argues that the trial court erred when it failed "to include the lesser included offense of deadly conduct in the jury charge." The State argues that the trial court is not required to instruct the jury on a lesser included offense when it is not requested because it could be the trial strategy of the accused not to request the instruction and that, because "Appellant in this case relied on the defense of alibi," arguing "for a lesser-included offense would have distracted from his simple defense: I was not there."

Appellant did not object to the charge. Generally, the failure to either object to the omission of or request a charge on a lesser included offense waives any error on appeal. *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim.

2

App. 1994). Although the trial court has an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged, it does not have a similar sua sponte duty to instruct the jury on all potential defensive issues, lesser included offenses, or evidentiary issues. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). A lesser included offense is not "applicable to the case" absent a request by the defense that the trial court charge the jury on the lesser included offense. *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). Such issues frequently depend upon trial strategy and tactics and are generally left to the defendant and his trial counsel. *Delgado*, 235 S.W.3d at 249. Because the trial court did not err when it did not sua sponte charge the jury on the lesser included offense of deadly conduct, we do not reach any of the harm issues discussed in the briefing. Appellant's first issue on appeal is overruled.

In his second issue, Appellant argues that he was deprived of his right to effective assistance of counsel when his trial counsel did not request that the trial court charge the jury on the lesser included offense of deadly conduct.

To prevail on a claim of ineffective assistance of counsel, an appellant must establish that his lawyer's performance fell below an objective standard of reasonableness and that there is a "reasonable probability" the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have

3

produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999).

The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). When the record is silent on the motivations underlying counsel's tactical decisions, an appellant usually cannot overcome the strong presumption that counsel's conduct was reasonable. *Thompson*, 9 S.W.3d at 813. In order to defeat *Strickland*'s presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson*, 877 S.W.2d at 771.

Assuming without deciding that Appellant was entitled to an instruction on a lesser included offense, we conclude that the record does not support Appellant's contention that trial counsel's performance fell below an objective standard of reasonableness. "Ineffective assistance of counsel claims are not built on retrospective speculation"; they must be firmly founded in the record, which "must itself affirmatively demonstrate the alleged ineffectiveness." *Bone v. State*, 77 S.W.3d 828. 835 (Tex. Crim. App. 2002). In most cases, the undeveloped record on direct appeal will be insufficient to satisfy both prongs of *Strickland* because the reasonableness of counsel's choices often involves facts not appearing in the

4

appellate record. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). This case is no different. The record is undeveloped and does not shed any light on why trial counsel did not request a jury charge on the offense of deadly conduct as a lesser included offense of aggravated assault. However, the failure to request an instruction on a lesser included offense may be the result of reasonable trial strategy. *See, e.g.*, *Ex parte White*, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (holding counsel was not ineffective for adopting an all or nothing trial strategy in which counsel failed to request jury instructions on the lesser included offenses of manslaughter and negligent homicide in a murder case). Because the record in this case is undeveloped on this issue, we cannot hold that counsel was ineffective for failing to request a jury instruction on the lesser included offense of deadly conduct. Appellant's second issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

December 13, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5