**Opinion filed October 24, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00303-CR

_____

## THOMAS ALONZO, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 10487**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Thomas Alonzo, Jr., of the state jail felony offense of theft.  *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2019).  Upon Appellant's plea of true to the enhancement allegations, the trial court assessed Appellant's punishment at confinement for a term of twenty years.  *See id.* § 12.425(b).  In his sole issue on appeal, Appellant contends that his trial counsel was ineffective for failing to request a limiting instruction.  We affirm.

*Background Facts*

As Appellant was walking out of Gebo's in Snyder, Texas, he set off the merchandise alarm. The manager of the store, Billy Smith, finished helping a customer and went outside and observed Appellant entering his vehicle. Smith then began reviewing the security cameras and called the Snyder Police Department. After examining the security footage and taking a brief inventory of the store, Smith determined that Appellant had stolen a pair of boots, several hats, a shirt, and a belt.

Though the security footage purportedly showed Appellant stealing multiple items from Gebo's, he was only indicted for theft of "hats, of the value of $100.00 or more but less than $750.00." Nevertheless, at trial, the security footage was played in its entirety, including the parts that suggested Appellant was stealing other items. Appellant's trial counsel objected to the portions of the footage that seemingly depicted Appellant taking items other than the hats, arguing that it was not probative of the State's case. Each of trial counsel's objections was overruled, and the video was admitted into evidence. Despite making several objections, however, trial counsel did not request a limiting instruction.

At the conclusion of Appellant's trial, he was convicted. This appeal followed.

*Ineffective Assistance of Counsel*

In Appellant's sole issue, he contends that he received ineffective assistance of counsel. We review a claim of ineffective assistance of counsel under the *Strickland* standard, which is a two-part analysis that includes a performance prong and a prejudice prong: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim.

App. 2010). Appellate review of a defense counsel's performance is highly deferential, and we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd).

To overcome this presumption, an appellant's claim of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Importantly, "[d]irect appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). A silent record that provides no explanation for a counsel's actions will not overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 813–14; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). Further, if trial counsel has not had an opportunity to explain the challenged actions, then we will not conclude that those actions constituted deficient performance unless they were so outrageous that no competent attorney would have engaged in them. *See Goodspeed*, 187 S.W.3d at 392; *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Here, Appellant challenges only his trial counsel's failure to request a limiting instruction. The record, however, is silent as to any potential trial strategy that trial counsel may have employed. Appellant did not assert his claim of ineffective assistance in a motion for new trial. Accordingly, Appellant's trial counsel has not had an opportunity to explain his trial strategy. Therefore, on this record, Appellant has failed to overcome the strong presumption of reasonable assistance. *See*

*Thompson*, 9 S.W.3d at 814. Based on our review of the record, we cannot conclude that Appellant's trial counsel's actions were so outrageous that no competent attorney would have engaged in them. *See Goodspeed*, 187 S.W.3d at 392. Because Appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong. *Lopez v. State*, 343 S.W.3d 137, 144 (Tex. Crim. App. 2011). We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


October 24, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.